# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

RUSSELL LYNN WARREN and
LINDA SUE WARREN,

       Plaintiffs,

v.                                                   No. CIV 96-1576 BB/JHG

DAYMON B. ELY, Personal Representative of the Estate of Garland Lovelace, Deceased, as Personal Representative, and KRISTEN BACA,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## SETTING CONDITIONS ON
## TESTIMONY OF DR. DELAHOUSSAYE

THIS MATTER is before the Court on Plaintiffs' motion in limine to exclude evidence of defense expert Brian Delahoussaye, M.D., and the Court having considered the briefs of counsel and being fully informed, FINDS the motion to be well taken and it will be Granted in Part.

## Discussion

Pursuant to the Initial Pretrial Report of August 7, 1997, Defendants were required to identify any defense expert witness to be used at trial by October 17, 1997. However, it was agreed that Defendants would have until November 21, 1997, to provide identification of an Independent Medical Exam ("IME") expert witness and the other disclosures required by Federal Rule of Civil Procedure 26(a)(2). The discovery deadline was established as December 31, 1997.

After some difficulty in scheduling Plaintiff Russell Lynn Warren's trip to Albuquerque, Dr. Brian Delahoussaye performed the IME on November 10, 1997. Following the IME, Defendant Ely's counsel contacted Dr. Delahoussaye's office to confirm the IME had been completed and to request the IME report be made available on or before November 21, 1997. When no IME report was received on November 21, 1997, Defendant Ely served a Motion for Extension of Time to Disclose IME Expert, requesting the Court to grant a 14-day extension until December 5, 1997, in which to produce the IME report. No agreement was reached and no order was entered.

A report titled "Independent Medical Examination" was first served on Plaintiffs' counsel on the date of the settlement conference before Judge Galvan, January 15, 1998. The "report" was unsigned and undated. Since discovery had

closed at the time the report was produced, Plaintiffs did not have the opportunity to depose Dr. Delahoussaye. *See* Federal Rules of Civil Procedure 26(b)(4)(A) (requiring report before expert depositiion authorized). Nor have Plaintiffs' experts had the opportunity to consider it or supplement their opinions in response.

Rule 26(a)(2) requires the disclosure of the identity of a party's expert witness and the production of a written report. Disclosure is to be made as directed by the Court. If no direction has been provided, then disclosure is to occur "at least 90 days before the trial date or the date the case is to be ready for trial …." Fed. R. Civ. P. 26(a)(2)(C). In the instant case, a Scheduling Order was entered on August 7, 1997, which provided: "expert witness(es) retained to conduct an independent medical examination, [ ] shall be disclosed no later than November 21, 1997." As to Dr. Delahoussaye, this order was not satisfied; nor was the discovery deadline of December 31, 1997, met.

Compliance with discovery orders is "necessary to the integrity of our judicial process." *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 ($2^d$ Cir. 1988). This Court therefore has been given broad authority to sanction non-compliance with discovery and pretrial deadlines. *Walsh v. McCain Foods, Ltd.*, 81 F.3d 722, 727 (7th Cir. 1996). Many courts have completely excluded expert

testimony not properly disclosed in compliance with the time limits of Rule 26. *See, e.g., Doe v. Johnson*, 52 F.3d 1448, 1464 (7th Cir. 1995); *China Resource Prods. (U.S.A.), Ltd. v. Fayda Int'l, Inc.*, 856 F. Supp. 856, 866 (D. Del. 1994).  The Tenth Circuit, however, has noted that it may be an abuse of discretion if the exclusion produces a fundamental unfairness at trial.  *Smith v. Ford Motor Co.*, 626 F.2d 784, 794 (10th Cir. 1980), *cert. denied*, 450 U.S. 918 (1981).  Defendant Ely strenuously maintains such is the case here.  He argues, "The jury is entitled to hear all of the information available about the Plaintiff's current condition prior to reaching a decision on the issue to be presented."  Def. Ely's Resp. at 5.

While the Court is singularly unimpressed with the excuse that Dr. Delahoussaye was too busy to complete a report before the discovery deadline, the Court is sensitive to the frequent criticism of practitioners that the discovery deadlines are often unnecessarily restrictive where trial is months away.  Since this case has been moved to the Court's July docket, there exists sufficient time for meaningful remediation of the alleged prejudice to Plaintiffs short of exclusion of the doctor's testimony.  If the Defendants wish to call Dr. Delahoussaye as an expert at trial, they must:

1. Make him available for deposition before May 31, 1998;

2. Dr. Delahoussaye's testimony as to his findings, his opinions, and the bases for those opinions at trial should be confined to that expressed in the January 15, 1998, report;

3. If Plaintiffs elect to depose Dr. Delahoussaye, Plaintiffs' experts will be given until June 10 to file any supplemental response under Rule 26; and

4. Defendant Ely must pay Plaintiffs' reasonable costs and attorney's fees incurred by reason of this Motion in Limine.  *See* Rule 37(c)(1).

In the event Defendant Ely chooses not to comply with these conditions, the testimony of Dr. Delahoussaye will be excluded.  *See Orjias v. Stevenson*, 31 F.3d 995, 1004-05 (10th Cir. 1994) (exclusion of undisclosed testimony affirmed).

## **O R D E R**

For the reasons stated above, Plaintiffs' motion in limine [#69] to exclude evidence of defense expert Brian Delahoussaye, M.D., is **GRANTED IN PART**. If Defendant Ely wishes to call Dr. Delahoussaye at trial, Defendant Ely will produce him for deposition before May 31, 1998.  If Plaintiffs choose to depose Dr. Delahoussaye, Plaintiffs' experts will be permitted to file supplemental reports in rebuttal up to and including June 10.  Dr. Delahoussaye will be limited to those

opinions expressed in his report of January 15, 1998.  Defendant Ely is to pay Plaintiffs' reasonable attorney's fees  for the costs of this motion.

Dated at Albuquerque this 15th day of May, 1998.

                                                BRUCE D. BLACK
                                                United States District Judge

Counsel for Plaintiffs:

    Charles Fisher, Albuquerque, NM

Counsel for Defendants:

    Terry R. Guebert, RaMona G. Bootes, Rudolph A. Lucero, Albuquerque, NM